CAROLINE A. M. HARTMAN *et al.* v. RUSSELL B. ARMSTRONG, *Administrator*.

### No. 10800.

HOMESTEAD—*absolute devise of, by widow to son, precatory words give others no homestead claim.* A widow died testate and left surviving her several children, none of whom were minors. By her will her property was divided among her children, and the home place, on which she had resided many years, was given to a son, who did not reside thereon, and who does not claim the same as a homestead. For some time before her death, a married daughter and also a granddaughter lived with her, and after her death they continued to occupy the home place, claiming a homestead right therein. The language of the will giving the property to the son imported a complete transfer of ownership to him, but in another clause she recommended him to keep the home so that if any of her children should become homeless it might be a refuge for them. On the claim of a homestead, it is *held*, that the complete title to the land passed to the son, and that the daughter and granddaughter had no interest in the land to which the homestead right could attach.

Error from Wyandotte District Court. H. L. Alden, Judge. Opinion filed November 5, 1898. *Affirmed.*

*Mills, Smith & Hobbs*, for plaintiff in error.
*Hutchings & Keplinger*, for defendant in error.

JOHNSTON, J. In January, 1892, Lucy B. Armstrong, a widow, died testate at her home in Kansas

City, and left surviving her three sons and one daughter. The home place, on which she had resided for a great number of years, consisted of a five-acre tract of ground within the corporate limits of Kansas City. For about two years before her death there were living with her a married daughter, Caroline A. M. Hartman, and Daisy Hartman, a daughter of Caroline and a granddaughter of the deceased. After the death of Mrs. Armstrong, Mrs. Hartman and her daughter, Daisy, continued to occupy the Armstrong home, which they claimed as a homestead. In the will of Lucy B. Armstrong the home place was bequeathed to her son Henry, while other pieces of property were given to the remaining children. The will contained the following language :

"And whereas the land thus described and devised to my son Henry includes my home, and all the appurtenances thereto belonging, I enjoin my son Henry to keep the dear old home, so that if any of my children should be homeless it should be a refuge for him, her or them."

On the application of the executor an order was made by the probate court directing a sale of the home place for the payment of the debts of the estate. Before the order was made Mrs. Hartman and her daughter applied to the probate court to have one acre, including the house, set apart from the remainder of the land, claiming the same as a homestead of the children and surviving family of Lucy B. Armstrong. Their application was denied by the probate court, and on appeal to the district court the order of the probate court was affirmed.

The Hartmans bring the case here, insisting that they constituted a part of the family of Lucy B. Armstrong before her death, and that by virtue of the interest which they held in the property and the con-

tinued occupancy of the same the house and one acre of ground upon which it stood was their homestead, and that the same could not be sold or disposed of without their consent. The testimony is to the effect that when Mrs. Armstrong died the youngest of her children was about forty years of age, and Caroline was at that time about fifty years old. The husband of Caroline and the father of Daisy was not with them while they were at the Armstrong home, but where he was and why he was absent does not clearly appear. The Hartmans owned a farm in Allen County, which they occupied as a home for about fifteen years, but they left it several years before they went to Kansas City and have never since occupied it as a home.

We think there is nothing substantial in their claim of homestead. By the terms of the will the title to the property in controversy passed absolutely to Henry Armstrong when his mother died. The Hartmans do not constitute a part of his family, and, anyway, he is not asserting an exemption nor claiming the property as a homestead. The exemption provided for in the Constitution and statute exempts lands "occupied as a residence by the family of the owner," and, as we have seen, neither Caroline nor her daughter, Daisy, who was about twenty-one years of age at the time of the trial, was a member of the family of the owner. While they might have been regarded as members of the family of Lucy B. Armstrong if during her lifetime she had claimed the property as a homestead, they are not members of the family of any one who has a present interest in the same. They are heirs or children of an intestate, within the meaning of the exemption provision of the law of descents and distributions, and hence no claim can be made in their behalf under that provision. The claim made for them is rested mainly on the theory that under the

terms of the will they acquired an interest in the property sufficient to uphold a homestead. There may be absolute or qualified ownership of property, and this court has taken a very liberal view as to the kind of title or interest to which a homestead right will attach. The terms of the will do not indicate a purpose on the part of the testatrix of giving Henry anything less than an absolute and unlimited ownership. The precatory clause hereinbefore quoted, suggests that her desire is that Henry should keep the old home and give refuge to any of her children who may become homeless, but it is not in the nature of a direction nor is it a limitation of his right in the property devised. The prior provisions of the will clearly import absolute and unrestricted ownership, and as the precatory words only express hope and recommendation they do not create a trust or vest an interest in the brothers or sisters of the devisee. After giving Henry the home in language similar to other absolute gifts, she appears to have suggested to him that he keep the same, relying upon his discretion and leaving him to judge whether her suggestion should be adopted or not. It is a general rule that wherever a discretion is given for carrying out such requests, and where the prior dispositions of the property import a complete transfer of ownership, the courts will not hold the same as the creation of a trust. It follows, therefore, that the Hartmans had no interest or right in the property upon which to base a claim of homestead.

The judgment of the District Court will be affirmed.